1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANTONIO RIVAS,

               Petitioner,

       vs.

C.Y. TAMPKINS, Warden,

               Respondent.

     )
     )
     )
     )
     )
     )
     )
     )
     )
     )

Case No. CV14-9758-SVW (DTB)

ORDER TO SHOW CAUSE

On December 22, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.  The Petition purports to be directed to a 2009 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶¶ 1-2.)  Petitioner purports to be raising two grounds for relief.  (See Pet. at ¶ 7(a-b).)

Based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred.  Accordingly, on or before **February 26, 2015**, petitioner is ORDERED to

/ / /

/ / /

---

    [1]     http://appellatecases.courtinfo.ca.gov/index.html

1

show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[2]

### THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3] 28 U.S.C. § 2244(d) provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution

---

[2] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of Court, Rule 8.308(a) [formerly Rule 30.1(a)]. Where the judgment of conviction was entered upon a guilty or nolo contendere plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Rules of Court, Rule 8.304(b) [formerly Rule 30(b)]; see also Cal. Penal Code § 1237.5. Here, petitioner has indicated that he did not appeal from his judgment of conviction. (See Pet. at ¶ 3.) Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was October 11, 2009, when petitioner's time to file a notice of intended appeal expired. Petitioner had one year from that date within which to file his federal habeas petition. From the face of the Petition, it does not appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Petitioner is not contending that he was impeded from filing his federal petition by unconstitutional state action. Nor does it appear that petitioner has a basis for

1    contending that he is entitled to a later trigger date under § 2244(b)(1)(C).  Moreover,

2    it is clear that petitioner has no basis for contending that he is entitled to a later

3    trigger date under § 2244(b)(1)(D).  Petitioner was aware of the **factual** predicate of

4    his claims as of the date he pleaded guilty.  See Hasan v. Galaza, 254 F.3d 1150, 1154

5    n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or

6    through diligence could discover) the important facts, not when the prisoner

7    recognizes their legal significance").

8          Thus, unless a basis for tolling the statute existed, petitioner's last day to file

9    his federal habeas petition was October 11, 2010.  See Patterson v. Stewart, 251 F.3d

10   1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.  The instant Petition was

11   filed over 4 years later.

12         28 U.S.C. § 2244(d)(2) provides:

13         The time during which a properly filed application for State post-

14         conviction or other collateral review with respect to the pertinent

15         judgment or claim is pending shall not be counted toward any period of

16         limitation under this subsection.

17

18         In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed

19   the foregoing statutory tolling provision with reference to California's post-

20   conviction procedures.  The Ninth Circuit held that "the AEDPA statute of limitations

21   is tolled for 'all of the time during which a state prisoner is attempting, through

22   proper use of state court procedures, to exhaust state court remedies with regard to

23   a particular post-conviction application.'"  Id. at 1006 (citation omitted).

24         Here, petitioner has identified three collateral challenges in the Petition: (1) His

25   Los Angeles County Superior Court habeas petition in Case No. TA104655, which

26   was denied (see Pet. at ¶ 6(a)); (2) his California Court of Appeal habeas petition in

27   Case No. B7577650, filed on July 21, 2014, and which was denied on August 6, 2014

28   (see Pet. at ¶ 6(b); California Appellate Court's website); and (3) his California

4

Supreme Court habeas petition in Case No. S221126 filed on September 8, 2014, and which was denied on November 12, 2014 (see Pet. at ¶ 6(c); California Appellate Court's website). Petitioner would not be entitled to statutory tolling for any of these state collateral challenges, since they were all filed after petitioner's federal filing deadline of October 11, 2010 already had lapsed. Once the AEDPA limitations period lapsed, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed, "even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

Thus, it appears there is no basis for statutory tolling of the limitations period with respect to the Petition. In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

If petitioner intends to rely on the equitable tolling doctrine, he will need to include in his with his Response a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance beyond petitioner's control stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see

also <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006); <u>Rasberry</u>, 448 F.3d at 1153; <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (petitioner must show that "extraordinary circumstances" were the proximate cause of his untimeliness). Finally, petitioner raises a claim of actual innocence. The Supreme Court has recently held that a federal habeas petitioner nay be able to seek habeas relief on an otherwise time-barred claim if he successfully proves that he is actually innocent of the crime upon which he was convicted. (<u>McQuiggin v. Perkins</u>, – U.S. –, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013).

The Supreme Court has noted, however, that instances of "tenable actual innocence gateway pleas are rare" (<u>McQuiggin</u>, 133 S. Ct. at 1928) and the burden of proving such a claim is substantial. "[A] petitioner does not meet the threshold requirement unless he persuades the District Court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (<u>Id.</u>, citing <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed 2d 808 (1995).

DATED: January 26, 2015

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6